In the Matter of DIANE CALDERONE, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, March 8, 1993

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Robert J. Saltzman* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

On July 15, 1992, an order to show cause seeking the respondent's immediate suspension and a petition setting forth one charge of professional misconduct were personally served upon the respondent. No answer was forthcoming.

The petition charged the respondent with failure to cooperate with a *sua sponte* investigation with respect to charges that she had neglected a criminal appeal and that she had failed to respond to communications from the clerk of this Court.

By decision and order of this Court dated October 13, 1992, the respondent was suspended from the practice of law pursuant to 22 NYCRR 691.4*(l)* until the further order of this Court, the petitioner was authorized to institute and prosecute a disciplinary proceeding against the respondent, and Marilyn W. Levy was appointed as Special Referee to hear and report.

Notwithstanding communications from the Grievance Committee, which apprised the respondent that her continued failure to respond or to request an adjournment could result in her suspension, she failed to correspond with the Grievance Committee.

The petitioner now moves to hold the respondent in default. On December 15, 1992, the respondent was personally served at her residence. Her father was present at the time. Both the respondent and her father were known to the process server. The respondent has failed to submit any papers in opposition to the default motion.

The charges that the respondent neglected a criminal appeal and failed to respond to communications from the clerk of the Court, if established, would require the imposition of a disciplinary sanction against the respondent. Inasmuch as the respondent has chosen not to appear or answer these proceedings, the charges must be deemed established. The petitioner's

motion to hold the respondent in default and impose discipline is, therefore, granted. Accordingly, the respondent is disbarred and her name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and BALLETTA, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon her failure to appear or answer is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Diane Calderone, is disbarred and her name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, Diane Calderone is commanded to continue to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding herself out in any way as an attorney and counselor-at-law.